UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CONNIE F.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C18-1124 RBL

ORDER AFFIRMING DENIAL OF
BENEFITS

## I.      INTRODUCTION

This matter is before the Court on Plaintiff's Complaint (Dkt. 4) for review of the
Commissioner of Social Security's denial of her application for disability insurance ("DI") and
supplemental security income ("SSI") benefits. This is the second time this matter has been
before the Court. *See* Admin. Record ("AR") (Dkt. 9) at 1077-79.

Plaintiff has severe impairments of "recurrent herpatic [sic] rash (also diagnosed as
shingles and recurrent herpes simplex virus), and degenerative disc disease." *Id.* at 1795. In
2012 and 2013, Plaintiff applied for DI and SSI benefits, originally alleging disability as of
December 12, 2005. *See id.* at 79, 196-200, 206-14. Plaintiff later amended her disability onset
date to November 9, 2006. *Id.* at 1021, 1792. Plaintiff's applications were denied on initial
review and on reconsideration. *Id.* at 79-87, 91-110.

At Plaintiff's request, Administrative Law Judge ("ALJ") Ruperta Alexis held a hearing on Plaintiff's claims. *Id.* at 42-78. On April 25, 2014, ALJ Alexis issued a decision finding Plaintiff not disabled and denying her claim for benefits. *Id.* at 28-36. The Appeals Council denied review. *Id.* at 11-14. Plaintiff then sought review in this Court. *See id.* at 1097-1100.

On October 12, 2016, based on the parties' stipulation, U.S. District Judge Robert Lasnik issued a decision reversing and remanding the ALJ's decision for further administrative proceedings. *Id.* at 1081-82. Judge Lasnik ordered that the ALJ on remand must update and reevaluate the medical evidence, reevaluate Plaintiff's symptom testimony, reassess Plaintiff's residual functional capacity ("RFC") and ability to perform other work, offer Plaintiff the opportunity for a new hearing, and conduct further proceedings as necessary to reevaluate the disability determination.[1] *Id.*

On remand, ALJ M.J. Adams held a second hearing. *Id.* at 1017-59. On May 14, 2018, ALJ Adams issued a decision again finding that Plaintiff was not disabled and denying her claim for benefits. *Id.* at 1792-1806. The Appeals Council did not assume jurisdiction, so the ALJ's decision became the Commissioner's final decision. *See* 20 C.F.R. §§ 404.984(d), 416.1484(d).

Plaintiff argues that ALJ Adams erred in finding that Plaintiff's alleged somatoform disorder was not a severe impairment, and in discounting Plaintiff's subjective symptom testimony. Pl. Op. Br. (Dkt. 24) at 1. Plaintiff asks the Court to remand this matter for further administrative proceedings. *Id.*

## II.    DISCUSSION

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of

---

[1] Shortly before seeking the Court's review of the Commissioner's decision, Plaintiff filed a new application for SSI benefits. *See id.* at 1230-38. On remand, the Appeals Council consolidated the new application with Plaintiff's 2012 and 2013 applications. *Id.* at 1094-95.

social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**A.     The ALJ Did Not Harmfully Err in Finding That Plaintiff's Somatoform Disorder Was Not A Severe Impairment**

Plaintiff contends that the ALJ erred in finding that her somatoform disorder was not a severe impairment. Pl. Op. Br. at 2-8. At step two of the disability evaluation, ALJ Adams determined that Plaintiff had a medically determinable impairment of somatoform disorder, but found that it did not cause more than minimal limitation in Plaintiff's ability to perform basic work activities. AR at 1796. ALJ Adams noted that Douglas Robinson, M.D., diagnosed Plaintiff with somatization disorder, but found that Plaintiff had "no permanent impairment" of her mental functioning. *Id.* ALJ Adams further noted that the record showed "scant treatment for mental health concerns." *Id.*

The step two analysis is a gatekeeping device used to screen out weak claims. *See Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987)). At step two, the ALJ must determine if the claimant suffers from any impairments that are "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or combination of impairments may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290

(9th Cir. 1996)).  As long as the claimant has at least one severe impairment, the disability inquiry moves on to step three.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

Plaintiff has failed to show that the ALJ harmfully erred at step two in finding that Plaintiff's alleged somatoform disorder was not a severe impairment.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)).  The record contains indications of somatization.  *See, e.g.*, AR at 314, 478, 502.  But the record also contains evidence that Plaintiff's alleged somatoform disorder does not impair her ability to work.  *See, e.g.*, *id.* at 108, 119, 1651-66.  As ALJ Adams noted, Dr. Robinson opined that Plaintiff had "no permanent impairment" from her somatization disorder, and was "capable of normal activities, including gainful employment, without any restrictions despite physical complaints that suggest otherwise."  *Id.* at 1666.  Plaintiff has failed to show that ALJ Adams reached an unreasonable conclusion in agreeing with Dr. Robinson and, accordingly, has failed to show that ALJ Adams erred in finding that Plaintiff's somatoform disorder was not a severe impairment.  *See Thomas*, 278 F.3d at 954; *see also Dattilo v. Berryhill*, --- F. App'x ---, 2019 WL 2152838, at *1 (9th Cir. May 16, 2019).

**B.      The ALJ Did Not Harmfully Err in Discounting Plaintiff's Symptom Testimony**

Plaintiff contends that the ALJ erred in rejecting her subjective symptom testimony.  Pl. Op. Br. at 9-15.  The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited."  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'"  *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th

Cir. 2014)).  At this stage, the claimant need only show that the impairment could have caused some degree of the symptoms; she does not have to show that the impairment could be expected to cause the severity of the symptoms alleged.  *Id.*  The ALJ found that Plaintiff met this step because her medically determinable impairments could have caused the symptoms she alleged.  AR at 1799.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so.  This is not an easy requirement to meet.'"  *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15).  In evaluating the ALJ's determination at this step, the Court may not substitute its judgment for that of the ALJ.  *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).  As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

ALJ Adams found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the objective medical and other evidence."  AR at 1799.  ALJ Adams reasoned that the objective medical evidence did not support the extreme nature of Plaintiff's allegations.  *Id.* at 1799-1800.  ALJ Adams reasoned that Plaintiff's testimony was inconsistent with her activities.  *Id.* at 1800.  And ALJ Adams reasoned that Plaintiff had exaggerated her symptoms.  *Id.* at 1800-01.

ALJ Adams's first reason for rejecting Plaintiff's symptom testimony withstands scrutiny.  "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."  *Rollins v.*

*Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)); *see also*

*Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (affirming ALJ's

rejection of claimant's testimony based on inconsistencies between his subjective complaints and

the objective medical evidence). ALJ Adams compared the medical evidence to Plaintiff's

subjective complaints, and sufficiently identified inconsistencies that supported rejecting

Plaintiff's testimony. ALJ Adams noted, for example, that Plaintiff's providers have regularly

observed normal gait, motor strength, and range of motion. *See* AR at 514, 543, 560, 759, 933,

964, 1412-14. ALJ Adams reasonably determined that these benign findings were inconsistent

with Plaintiff's claims that she could only stand for a few minutes at a time and could lift no

more than five pounds. *See id.* at 57, 1040, 1799-1800. Thus, ALJ Adams did not err in

rejecting Plaintiff's symptom testimony based on inconsistencies with the objective medical

evidence. *See Morgan*, 169 F.3d at 599-600.

ALJ Adams's second reason for discounting Plaintiff's symptom testimony also

withstands scrutiny. An ALJ may discount a claimant's symptom testimony when it is

inconsistent with the claimant's general activity level. *See Molina v. Astrue*, 674 F.3d 1104,

1112-13 (9th Cir. 2012); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). As ALJ

Adams noted, Plaintiff managed to complete vocational rehabilitation and an internship during

her alleged disability period. AR at 726-27, 731, 1800. Plaintiff attended community college

courses and carried a backpack in September 2009 and January 2010. *Id.* at 718, 721, 1800.

ALJ Adams reasonably concluded that these activities contradicted Plaintiff's testimony that she

could not be on her feet for more than five minutes at a time, and could not lift more than five

pounds. ALJ Adams thus did not err in discounting Plaintiff's symptom testimony based on the

fact that it was inconsistent with Plaintiff's general activity level.

ALJ Adams's third reason for rejecting Plaintiff's symptom testimony survives review, as well. An ALJ may reject a claimant's subjective complaints where the record demonstrates that she has exaggerated their severity. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1225 (9th Cir. 2010); *see also Schow v. Astrue*, 272 F. App'x 647, 651 (9th Cir. 2008) (noting that the existence of "affirmative evidence suggesting malingering vitiates the clear and convincing standard of review") (internal quotation marks omitted). ALJ Adams noted multiple instances in which medical professionals indicated that Plaintiff was exaggerating her symptoms. *Id.* at 1800. Functional capacities evaluators noted that Plaintiff gave inconsistent effort during a 2009 evaluation. *Id.* at 1379. Plaintiff showed "give-way" weakness during a medical evaluation, and reported tenderness at all 18 fibromyalgia tender points, as well as the control locations. *Id.* at 1641, 1644. ALJ Adams reasonably interpreted this evidence as showing signs of exaggeration, and justifiably rejected Plaintiff's symptom testimony as a result. *See Turner*, 613 F.3d at 1225.

In sum, ALJ Adams gave clear and convincing reasons to reject Plaintiff's symptom testimony. Plaintiff has consequently failed to show that the ALJ harmfully erred. Because the Court has found that the ALJ did not err, it need not consider Plaintiff's contention that the ALJ erred in assessing Plaintiff's RFC, or in performing step five of the disability evaluation process.

### III.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 10th day of July, 2019.

Ronald B. Leighton
United States District Judge